**Elena Gonzalez MENDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–71745.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 2, 2011.

Elena Gonzalez Mendez, Los Angeles, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

Richard Zanfardino, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Elena Gonzalez Mendez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir.2009), and we dismiss in part, and deny in part, the petition for review.

We lack jurisdiction to review the IJ's discretionary denial of a waiver under 8 U.S.C. § 1182(d)(11), and therefore we do not reach Gonzalez Mendez' contention concerning the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

Gonzalez Mendez' contention that the IJ gave improper weight to one adverse factor does not raise a colorable due process claim, and therefore we lack jurisdiction to consider it. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gonzalez Mendez' contention that the IJ erred by considering her deception with regard to her smuggling attempt is foreclosed by *INS. v. Yueh–Shaio Yang,* 519 U.S. 26, 30, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996) (agency may consider initial and subsequent fraud in the adjudication of discretionary fraud waiver).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**